NEWTON E. WHITESIDE and Others, on their Own Behalf, etc., Appellants, *v.* NOYAC COTTAGE ASSOCIATION, Respondent.

*Failure to submit proposed findings — dismissal of a complaint " on the merits."*

The failure of a defeated party, through mistake or inadvertence, to submit proposed findings in time, on a trial by the court without a jury, does not entitle him as a matter of right (even though the trial judge has the power), to set aside the judgment.

When all the questions sought to be raised upon a motion to vacate a judgment, entered under the above circumstances, can be presented upon exceptions to the decision on appeal from the judgment, no injury is done the defeated party by a denial of such motion.

The mere insertion of the words "on the merits" in the introductory recital to a judgment dismissing a complaint, and not in the body of the judgment, does not raise, on a motion to strike out such words, the same question as would be presented had there been a judgment dismissing the complaint on the merits.

APPEAL by the plaintiffs, Newton E. Whiteside and others, on their own behalf and on behalf of all other lot-owning members of the Noyac Cottage Association who are willing to become parties plaintiff and contribute to the expense of the suit, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 5th day of December, 1892, denying the plaintiffs' motion to vacate and set aside the judgment entered in the above-entitled action.

The action was brought to remove a cloud upon the title of the plaintiffs to certain lots owned by them as members of the defendant (a corporation organized under the Club Act, chapter 267 of the Laws of 1875, and acts amendatory thereof), alleged to be caused by the lien of an assessment levied upon them and made a lien on the lots under the by-laws of the defendant, and to enjoin the defendant from forfeiting their rights as members by reason of their nonpayment of the assessment.

The action was tried before the court at Special Term. The court made findings of fact, the introduction to which was as follows: "In this action tried before the Court at Special Term, Part I., at the Court House in the city of New York on the 13th day of October, 1892, at the close of the plaintiff's case, the defendant

having moved to dismiss the complaint on the merits, and the motion having been granted, I do make and file the following Findings of Fact and Conclusions of Law, viz. : "

The conclusions of law included among others the following : " 2d.— That the complaint herein should be dismissed and the temporary injunction heretofore granted herein be vacated."

Thereupon judgment was entered as follows :

" This action having brought to trial by the court, and a decision therein having been rendered for the defendant on the merits and filed,

" Now on motion of William C. Reddy, defendant's attorney,

" It is adjudged that the complaint of the plaintiffs herein be and the same is hereby dismissed ; and, that the defendant, The Noyac Cottage Association, recover judgment against the plaintiffs, Newton E. Whiteside, Henry G. Atwater, Lucien J. Whitney, Charles H. Twist and Annie A. Perdomo, and each of them for the sum of one hundred and thirty-three 77-100 dollars, the costs of this action as taxed, and that the injunction in this action heretofore granted be vacated and annulled."

*Eugene D. Hawkins*, for the appellants.

*William C. Reddy*, for the respondent.

PER CURIAM :

The failure of appellants through mistake or inadvertence to submit proposed findings in time would not entitle them as a matter of right (even though the trial judge had the power), to set aside the judgment ; and as the judge correctly held that all the questions sought to be raised could be presented upon exceptions to the decision on appeal from the judgment, no injury was done to appellants by a denial of their motion.

With respect to the second part of the motion, to have the words " on the merits " stricken out, it is sufficient to add that these words do not occur in the judgment, and their appearance as one of the recitals does not raise the same question as would have been presented had there been a judgment dismissing the complaint on the merits.

We think, therefore, that the order appealed from should be in all respects affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J.; and O'BRIEN, J.

Order affirmed, with ten dollars costs and disbursements.